IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COPELAND, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:06-CV-435-Y |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div., | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Christopher Copeland under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 15, 2006; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 5, 2006.

The Court, after de novo review, concludes that the petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

Copeland argues in his written objections that he only recently "stumbled onto" the substantive arguments for his request for habeas corpus relief after many years of ignorance. The Court assumes this claim is one for equitable tolling of the limitations period. The one-year limitation period for filing a petition under

§ 2254 is subject to equitable tolling.[1] But, the burden is on the petitioner--here, Copeland--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] Copeland does not argue the he was misled or prevented from filing, and thus he has not shown he is entitled to equitable tolling. His objection must be overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Christopher Copeland's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED October 12, 2006.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).